MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

PLAINTIFF DEMANDS A TRIAL BY JURY

United States District Court
Southern District of New York

GEORGE SANABRIA

Plaintiff,

-against-

THE CITY OF NEW YORK, Officer "JOHN " CASTRO shield 5318, first name being fictitious, true name being unknown to plaintiff, person intended being a police officer of the New York City Police Department who participated in the arrest, detention and assault of plaintiff and "JOHN DOE ONE through EIGHT," police officers of the New York City Police Department, the identities and numbers of whom are presently unknown to plaintiff, persons intended being police officers who participated in the arrest and detention of plaintiff,

Defendants.

Civil Action No.
07-CIV-6425 (PC)(JCF)
COMPLAINT FOR DAMAGES-
False Arrest;
Assault;
Battery;
42 U.S.C. 1981, 1983 , 1985

**PRELIMINARY STATEMENT**

1. This is an action for monetary damages (compensatory and punitive) against **CITY OF NEW YORK** (hereinafter **CITY**,) **"JOHN" CASTRO**, shield 5318, (hereinafter **CASTRO**), first name being fictitious, true name being unknown to plaintiff, person intended being a police officer of the New York City Police Department (hereinafter **NYPD**) who participated in the arrest, detention and assault of plaintiff, and "**JOHN DOE**

**ONE through EIGHT**," (hereinafter **DOEs**,) police officers of the **NYPD**, the identities and shield numbers of whom are presently unknown to plaintiff, persons intended being police officers who, upon various occasions hereinafter alleged, participated in the arrest and detention of plaintiff. This action arises out of the false arrest, assault, battery, and false imprisonment of, plaintiff **GEORGE SANABRIA** on those various occasions.

2. In separate, unrelated incidents, on December 13, 2000, in February of 2006, in April of 2006, on June 23, 2006 and on February 17, 2007, at various times of day, officers **CASTRO** and **DOE ONE through EIGHT** individually and as agents, servants and/or employees of **NYPD** and Defendant **CITY**, acting in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, detention, assault, battery and filing of false reports, for acts of which plaintiff was innocent.

**JURISDICTION**

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the Defendant **CITY** is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff, **GEORGE SANABRIA** was and is a citizen of the United States and at all times relevant hereto resided in the County of Bronx, and State of New York.

6. Defendant **CITY** was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7. The New York City Police Department was at all times relevant hereto, a subdivision, department or agency of Defendant **CITY**.

8. The arresting officers, Defendants **CASTRO**, and **DOEs ONE through EIGHT**, were, at all times relevant hereto, employees of **NYPD** and Defendant **CITY**, duly appointed and acting as police officers and were agents, servants and/or employees of Defendant **CITY**, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. At all times mentioned herein, the individual Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendants **CITY**, of **NYPD**, and of the State of New York.

## NOTICE OF CLAIM

10. Within 90 days following the arrest of plaintiff on February 17, 2007, plaintiff filed written Notice of Claim with Defendant **CITY** and thereafter the Comptroller for the **CITY** waived any examination of the claimant pursuant to section 50-h of the New York State General Municipal Law refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and thereafter,

and within the time provided by law, this action was commenced.. This matter has not been settled or otherwise disposed of.

**FACTUAL ALLEGATIONS**

11. In February, 2006, at about 3:00-4:00 p.m. at Wyatt Street, at or near its intersection with Morris Park Avenue, County of Bronx, State of New York, Plaintiff **GEORGE SANABRIA** was then and there stopped, detained and arrested by Defendants **JOHN DOE ONE and TWO**, officers of **NYPD** and employees of Defendant **CITY**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the plaintiff.

12. Upon information and belief, police officers **DOE ONE and TWO** wrongfully and improperly stopped, detained and arrested plaintiff **GEORGE SANABRIA** in regard to a crime which had nothing to do with plaintiff.

13. Upon information and belief, **DOE ONE and TWO**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiff **GEORGE SANABRIA** when it was not right, just, lawful, proper, or necessary to do so.

14. Upon information and belief, without proof that plaintiff **GEORGE SANABRIA** was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, Defendant **CITY**'s employees, Defendants **DOE ONE and TWO**, individually and acting in concert, knowingly, unlawfully and wrongfully attempted to unsuccessfully fabricate charges against the plaintiff which they could not do, forcing them to release plaintiff with no charges filed.

15. In April, 2006, at about 8:00 p.m. at the intersection of Southern Boulevard and West Farms

Road, County of Bronx, State of New York, Plaintiff **GEORGE SANABRIA** was then and there stopped, detained and arrested by Defendants **JOHN DOE THREE and FOUR**, officers of **NYPD** and employees of Defendant **CITY**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the Plaintiff.

16. Upon information and belief, police officers **DOE THREE and FOUR** wrongfully and improperly stopped, detained and arrested Plaintiff **GEORGE SANABRIA** in regard to a crime which had nothing to do with Plaintiff.

17. Upon information and belief, **DOE THREE and FOUR**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested Plaintiff **GEORGE SANABRIA** when it was not right, just, lawful, proper, or necessary to do so.

18. Upon information and belief, without proof that Plaintiff **GEORGE SANABRIA** was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, Defendant **CITY's** employees, **DOE THREE and FOUR**, individually and acting in concert, knowingly, unlawfully and wrongfully attempted to unsuccessfully fabricate charges against the Plaintiff which they could not do, forcing them to release Plaintiff with no charges filed.

19. On June 23, 2006, at about 5:00 p.m. at east 180th Street, at or near its intersection with Boston Road, County of Bronx, State of New York, Plaintiff **GEORGE SANABRIA** was then and there stopped, detained and arrested by Defendants **DOE FIVE and SIX**, officers of the **NYPD** and employees of Defendant **CITY**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the Plaintiff.

20. Upon information and belief, police officers **DOE FIVE and SIX** wrongfully and improperly stopped, detained and arrested Plaintiff **GEORGE SANABRIA** in regard to a

crime which had nothing to do with Plaintiff.

21. Upon information and belief, **DOE FIVE and SIX**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested Plaintiff **GEORGE SANABRIA** when it was not right, just, lawful, proper, or necessary to do so.

22. Upon information and belief, without proof that Plaintiff **GEORGE SANABRIA** was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, Defendant **CITY**'s employees, **DOE FIVE and SIX**, individually and acting in concert, knowingly, unlawfully and wrongfully attempted to unsuccessfully fabricate charges against the Plaintiff which they could not do, forcing them to release Plaintiff with no charges filed. A copy of the Certificate of Disposition of that arrest, dated March 28, 2007, is annexed hereto as Exhibit A, and is made a part hereof with the same force and effect as if it were fully set forth herein at length.

23. On February 17, 2007 at about 8:00 pm, at the intersection of Morris Park Avenue and Wyatt Street in the Bronx, while lawfully riding his bicycle, Plaintiff was stopped by two plainclothes police officers of the **NYPD**, Defendants CASTRO **and DOE SEVEN**, and was arrested.

24. Upon taking Plaintiff into custody, Defendants **CASTRO and DOE SEVEN** left Plaintiff's bicycle unguarded at the scene of the arrest, while falsely reassuring Plaintiff that it would be safeguarded by themselves or others.

25. Defendants **CASTRO and DOE SEVEN** placed Plaintiff in a police van for transport to

the 48th Precinct station house. Defendant **DOE EIGHT** drove the van.

26. While Defendant **DOE EIGHT** was transporting Plaintiff in the van to the 48th Precinct, he assaulted Plaintiff by pulling and pushing him over the seats and throwing him upside down on the floor of the van, causing the Plaintiff serious personal injury.

27. Plaintiff was held at the 48th Precinct for approximately 3 hours while the agents, servants, and/or employees of the Defendant **CITY**, with reckless disregard for Plaintiff's health and well-being, failed and/or refused to provide Plaintiff with requested and essential medical attention.

28. Plaintiff was thereafter transported to Central Booking, where he remained for approximately another two hours, and still, with reckless disregard for Plaintiff's health and well-being, the agents, servants, and/or employees of the Defendant **CITY** failed and/or refused to provide Plaintiff with requested and essential medical attention for his injuries.

29. Plaintiff was thereafter transported to the 41st Precinct where he was held overnight and still, as alleged above, denied necessary medical attention.

30. Plaintiff was thereafter again transported to Central Booking, from where, on February 19, 2007, he was released with no charges filed. A copy of the Certificate of Disposition of that arrest, dated March 28, 2007, is annexed hereto as Exhibit B, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

31. Plaintiff never was able to recover his bicycle, which he had been told had been taken into the possession of the agents, servants and/or employees of the Defendant **CITY**, and about $25.00 was missing from his wallet, which had been taken by the agents, servants, and/or employees of Defendant **CITY**.

32. As a direct and proximate result of the above alleged acts of the Defendant, Plaintiff suffered severe and permanent damages including, but not limited to: Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, assault, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, loss of weight, emotional distress and mental anguish.

33. The actions of the individual Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff: Freedom from the unreasonable seizure of his person and property. Freedom from the use of excessive, unreasonable and unjustified force against a person.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1981, 1983 and 1985**
**AGAINST INDIVIDUAL DEFENDANTS**
**REGARDING ALL FOUR OCCASIONS)**

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Each pair of individual Defendants, respectively acting in concert and under the color of state law, on the respective dates alleged hereinabove, have deprived Plaintiff **GEORGE SANABRIA,** on each of the four respective occasions, of his civil, constitutional, and statutory rights and have conspired to deprive him of such rights, and are respectively liable to Plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985. As a result, Plaintiff **GEORGE SANABRIA** claims damages for each of the respective injuries set forth above.

**SECOND COUNT**

**(ASSAULT AGAINST INDIVIDUAL DEFENDANTS CASTRO and DOE SEVEN and EIGHT)**

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Upon approaching Plaintiff **GEORGE SANABRIA** and handcuffing and arresting him, and assaulting him, on February 17, 2007, Defendants **CITY, CASTRO and DOE SEVEN and EIGHT,** acting in concert, made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result of that assault, Plaintiff **GEORGE SANABRIA** claims damages for the injuries set forth above.

**THIRD COUNT**
**(BATTERY AGAINST DEFENDANTS CASTRO and DOE SEVEN and EIGHT )**

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Upon approaching Plaintiff **GEORGE SANABRIA** and handcuffing and arresting him, and assaulting him, on February 17, 2007, Defendants **CITY, CASTRO and DOE SEVEN and EIGHT**, acting in concert, placed hands on Plaintiff **GEORGE SANABRIA**, assaulted him and handcuffed him. As a result of the battery, Plaintiff **GEORGE SANABRIA** claims damages for the injuries set forth above.

**FOURTH COUNT**
**(FALSE ARREST & IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS)**

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. In February of 2006, in April of 2006, on June 23, 2006, and on February 17, 2007, Defendants **CITY, CASTRO and DOE ONE through EIGHT**, in the respective pairs alleged above, acting in concert, subjected Plaintiff **GEORGE SANABRIA** to false arrest,

imprisonment, and deprivation of liberty without probable cause on each of the respective four occasions. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff **GEORGE SANABRIA** claims separate and distinct damages for each of the respective injuries set forth above.

.

**FIFTH COUNT**
**(MUNICIPAL LIABILITY AGAINST DEFENDANT CITY**
**- *RESPONDEAT SUPERIOR*)**

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. Defendant **CITY** is liable for the damages suffered by the Plaintiff **GEORGE SANABRIA**, in February of 2006, in April of 2006, on June 23, 2006 and on February 17, 2007 and continuing for some time thereafter, as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

*44.* Defendant **CITY**, by its agents, servants and employees, on each of the four occasions hereinabove alleged, subjected Plaintiff **GEORGE SANABRIA** to false arrest, assault, battery, false imprisonment, embarrassment, shame and public humiliation, loss of income, and loss of employment. As a result Plaintiff **GEORGE SANABRIA** claims damages against Defendant **CITY** for each of the respective injuries set forth above.

**SIXTH COUNT**
**(MUNICIPAL LIABILITY AGAINST DEFENDANT CITY**
**42 U.S.C. SECTION 1983)**

45. Paragraphs 1 through 44 are incorporated herein by reference. Defendant **CITY** knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above. Prior to each of the above alleged respective dates,

Defendant **CITY** developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the respective violations of Plaintiff **GEORGE SANABRIA's** rights. Upon information and belief, it was the policy and/or custom of Defendant **CITY** to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by Defendant **CITY**, including, but not limited to incidents where Defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct. It was the policy and/or custom of Defendant **CITY** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual Defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The **CITY** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct. As a result of the above described policies and/or customs, police officers of the City of New York believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the **CITY** to the constitutional rights of persons within the City of New York, and were the cause of the

violations of Plaintiff's rights alleged herein. As a result of the wrongful, deliberately indifferent and illegal acts of Defendant **CITY**, Plaintiff **GEORGE SANABRIA** claims damages against Defendant **CITY** for the injuries set forth above.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, respectively as to each event alleged hereinabove, for compensatory damages on each Count; for punitive damages on each Count; awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Blauvelt, New York
This 28th day of June, 2007

**Michael R. Scolnick, P.C.**

By: /S/______________________________
Michael R. Scolnick MS9984
Attorneys for Plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net