UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GEORGE SANABRIA,

                                         Plaintiff,

                -against-

THE CITY OF NEW YORK, Officer "JOHN" CASTRO shield 5318, first name being fictitious, true name being unknown to plaintiff, person intended being a police officer of the New York City Police Department who participated in the arrest, detention and assault of plaintiff and "JOHN DOE ONE through EIGHT," police officers of the New York City Police department, the identities and numbers of whom are presently unknown to plaintiff, persons intended being police officers who participated in the arrest and detention of plaintiff,

                                         Defendants.
-------------------------------------------------------------------X

**ANSWER**

07 CV 6425 (PAC)

**Jury Trial Demanded**

        Defendant THE CITY OF NEW YORK (the "City" or "defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purport to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph 2 of the complaint.

        3.     Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

        4.     Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Denies the allegations set forth in paragraph 7 of the complaint, except admits that the City maintains the New York City Police Department ("NYPD") pursuant applicable statutes, ordinances and regulations.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that an officer named Castro is employed by the City as a police officer for the NYPD.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits that defendant Fernandez is assigned to the 41 Precinct.

10. The allegations set forth in paragraph 10 of the complaint consists of conclusions of law rather than averments of fact and therefore no response is required

11. Denies the allegations set forth in paragraph 11 of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller of the City of New York, and that no monies have been paid to plaintiff.

12. Denies the allegations set forth in paragraph 12 of the complaint.

13. Denies the allegations set forth in paragraph 13 of the complaint.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations set forth in paragraph 23 of the complaint, except admits that defendant was arrested.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint, except admits that defendant was transported to the 48th Precinct station house.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 33 inclusive of its answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. In response to the allegations set forth in paragraph 36 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 35 inclusive of its answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. In response to the allegations set forth in paragraph 38 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 37 inclusive of its answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. In response to the allegations set forth in paragraph 40 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 39 inclusive of its answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. In response to the allegations set forth in paragraph 42 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 41 inclusive of its answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph 43 of the complaint.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

46. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

47. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. Any force used to arrest and/or detain plaintiff was reasonable under the circumstances.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53. There was probable cause for plaintiff's arrest, prosecution and detention.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Plaintiff has failed to comply with General Municipal § 50 *et seq.*

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56. This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendant CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 19, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant CITY OF NEW YORK,
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698

By: _____
    Steve Stavridis

(By ECF)

TO:   Michael R. Scolnick, Esq.
        Attorney for Plaintiff
        175 Burrows Lane
        Blauvelt, New York 10913
        scollaw@optonline.net
        (845) 365-1506